857 F.2d 1468
Unpublished Disposition
 NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
CROSSROADS FEED & HARDWARE, INC.; Robert W. Plassman,
Plaintiffs-Appellees,
v.
RALSTON PURINA COMPANY, and TOWN AND COUNTRY FARM SUPPLIES a
division of Easy, Inc., Defendant-Appellant.
 Nos. 87-3139, 87-3144.
 United States Court of Appeals, Fourth Circuit.
 Argued: June 9, 1988.
Decided: Sept. 1, 1988.
 
 William L. Rikard, Jr. (I. Faison Hicks, Frank A. Hirsch, Jr., PARKER, POE, THOMPSON, BERNSTEIN, GAGE & PRESTON: Joseph W. Grier, III, GRIER & GRIER on brief) for Appellants.
 Bertram Ervin Brown, II, MOORE & BROWN; Norman B. Smith, SMITH, PATTERSON, FOLLIN, CURTIS, JAMES & HARKAVY on brief) for Appellees.
 Before RUSSELL and WILKINSON, Circuit Judges, and NIEMEYER, United States District Judge for the District of Maryland, sitting by designation.
 PER CURIAM:
 
 
 1
 The defendant, Ralston Purina Company (Purina), appeals from a jury verdict awarding the plaintiff damages in the amount of $62,152.00. Jurisdiction is based on diversity of citizenship, plaintiff Crossroads Feed & Hardware, Inc. (Crossroads) being a corporation organized and existing under the laws of the State of North Carolina and defendant Purina being a corporation organized and existing under the laws of the State of Missouri. We affirm.
 
 
 2
 In the fall of 1984, Robert Plassman, the eventual owner of plaintiff Crossroads, began negotiations with Charles Baker, district manager for defendant Purina, about the possibility of Plassman's opening a Purina retail dealership in the area of Clemmons, North Carolina. Original plans were for the dealership to be located in downtown Clemmons but no appropriate site was ever located. However, Baker eventually called Plassman and said, "I've found your site." The new site was within four miles of downtown Clemmons and Baker regarded it as having "the highest potential of any open market in the district."
 
 
 3
 The new business, known as "Crossroads Feed and Hardware, Inc.," was to carry a full line of Purina products. Purina notified Plassman on January 29, 1985 that he was a Ralston Purina dealer. Plassman then paid $500.00 for a dealership "start-up kit," invested $40,000.00, and took possession of the leased building.
 
 
 4
 Baker and Plassman agreed that Crossroads would open on March 15, 1985. The initial order was placed with Purina and Plassman began advertising for the grand opening. On March 10, 1985, Plassman was told that his order would not be delivered because of an "internal problem." In fact, another Purina dealership had objected to the opening of Crossroads. The grand opening of Crossroads was rescheduled for March 26 and a new order was placed with Purina. Sometime later, Plassman was informed that Purina would "go ahead and ship the product" but that Crossroads could carry only a limited line of Purina products. Communications between Purina and Plassman ceased when Plassman was finally able to open Crossroads as a Carnation dealership.
 
 
 5
 At trial, the jury found that Purina had breached its dealership agreement with Plassman and awarded Plassman damages in the amount of $62,152.00. Purina contends that the district court erred in submitting this breach of contract claim to the jury and in not granting Purina's motion for judgment n.o.v.
 
 
 6
 This Court has stated that "[i]n reviewing a judgment based on a jury verdict, our task is to determine whether, when viewed in the light most favorable to the prevailing party, the record contains substantial evidence to support the jury's finding." Entre Computer Centers v. FMG of Kansas City, Inc., 819 F.2d 1279, 1283 (4th Cir.1987). Further, it is well established that "[e]very contract imposes upon each party a duty of good faith and fair dealing in its performance and its enforcement." Restatement (Second) of Contracts Sec. 205 (1981).
 
 
 7
 We are of the opinion that there was substantial evidence to support the jury's finding that Purina breached its dealership agreement with Plassman. Purina delayed Crossroad's opening, failed to fill its orders, and attempted to provide only a limited line of supplies rather than the agreed upon full line. At the very least, Purina violated its duty of good faith and fair dealing. The district court committed no error in submitting this issue to the jury and in refusing to grant a judgment n.o.v.
 
 
 8
 Nor do we see any reason to reverse the jury award of damages for breach of contract by the defendant. The plaintiffs offered in evidence a compilation of damages suffered by them in the amount of $336,128.00. This compilation consisted of a number of elements. It is possible that one or more of the elements were of doubtful relevancy. The jury, however, had all the evidence of the parties, pro and con, on this issue before it and returned a verdict in favor of the plaintiffs for $62,125.00. There was ample valid evidence in the record before the jury to support a verdict in such an amount and we therefore sustain the award of damages as returned by the jury.
 
 
 9
 Accordingly, the judgment of the district court is
 
 
 10
 AFFIRMED.